UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br>Plaintiff,<br>v.<br>1082 EL CAMINO REAL, L.P, HANKOOK CENTER MANAGEMENT COMPANY, LLC, COCASSIA, INC.,<br>Defendants. | Case No. 5:17-cv-01391-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS ADA CLAIM FOR LACK OF SUBJECT MATTER JURISDICTION; DISMISSING REMAINING STATE LAW CLAIM PURSUANT TO 28 U.S.C. §1367**<br><br>Re: Dkt. No. 39 |

## I. INTRODUCTION

Defendants Cocassia, Inc., 1082 El. Camino Real, L.P., and Hankook Center Management Company, LLC move to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The Court finds it appropriate to take the motion under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons set forth below, the motion is granted.

## II. BACKGROUND

Plaintiff Scott Johnson's complaint includes the following allegations. Plaintiff is a level C-5 quadriplegic. He cannot walk and has significant manual dexterity impairments. He uses a wheelchair for mobility and has a specially equipped van. Plaintiff has gone to the Hankook Supermarket ("Hankook") located at 1092 E. El Camino Real, Sunnyvale, California, on a number of occasions between August 2016 and January 2017. Plaintiff went to Hankook to shop. Plaintiff alleges that "the parking stalls and access aisles for use by persons with disabilities are not level with each other because there is a built up curb ramp that runs into the access aisle and

parking stall. This results in slopes greater than 2.1%." Complaint at ¶23. Plaintiff alleges that these conditions on the property are "barriers," which existed during each of his visits to Hankook. Plaintiff further alleges that he is and has been deterred from returning and patronizing Hankook because of the barriers.

Plaintiff initiated this action on March 15, 2017, asserting two claims for disability discrimination: violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101, et seq.; and violation of California's Unruh Civil Rights Act, Cal. Civ. Code §51-53 ("Unruh Act"). A Joint Site Inspection was held on November 29, 2017. Defendants move to dismiss the ADA claim and request that the Court decline to exercise supplemental jurisdiction over the remaining Unruh Act claim pursuant to 28 U.S.C. §1367(c)(1)-(4).

### III. STANDARDS

Rule 12(b)(1), Fed.R.Civ.P., authorizes a motion to dismiss for lack of subject matter jurisdiction. "Mootness . . . pertain[s] to a federal court's subject-matter jurisdiction under Article III, [so it is] properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)." White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). A Rule 12(b)(1) motion may be either a facial or factual challenge to jurisdiction. Id. When a facial Rule 12(b)(1) motion to dismiss is presented, inquiry is confined to the allegations in the complaint. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). When a factual Rule 12(b)(1) motion is presented, such as the one made by Defendants here, the Court may look beyond the complaint and need not presume the truthfulness of the plaintiff's allegations. White, 227 F.3d at 1242. Faced with a factual challenge, the party opposing the motion to dismiss must produce affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction. Safe Air For Everyone v. Meyer, 373 F.3d. 1035, 1039 (9th Cir. 2004).

Further, when the jurisdictional issue is intertwined with the merits, a court "must apply the summary judgment standard in deciding the motion to dismiss." Johnson v. California Welding Supply, Inc., No. 11-1669 WBS, 2011 WL 5118599 (E.D. Cal. Oct. 27, 2011).

Plaintiff's claim in this case and jurisdiction are both premised on the ADA, and so jurisdiction and substance are intertwined. Accordingly, the Court will apply the summary judgment standard to Defendants' motion to dismiss for lack of subject matter jurisdiction.

## IV.  DISCUSSION

Defendants contend that the ADA claim is moot. In support of the mootness challenge, Defendants submit an Accessibility Report prepared by a Certified Access Specialist dated April 24, 2017, that contains a list of recommended changes to the Hankook property and a second Accessibility Report dated December 26, 2017, verifying that the recommended changes were made.

Plaintiff opposes the motion on two grounds. First, Plaintiff contends that the motion is premature because he has not had an opportunity to confirm the findings in the December Accessibility Report nor had an opportunity to depose its author. Dkt. 40, p. 3. To obtain postponement or denial of a motion for summary judgment based on the need for further discovery, a party must submit a declaration showing, among other things, facts indicating a likelihood that controverting evidence exists. See Tatum v. City & County of San Francisco, 441 F.3d 1090, 1101 (9th Cir. 2006). Plaintiff has not submitted any declaration showing a likelihood that controverting evidence exists. Therefore, the Court is not required to postpone or deny Defendants' motion.

Second, Plaintiff contends that the motion to dismiss is barred by the stay under General Order 56, which imposes a stay on "[a]ll other discovery and proceedings." At least two courts in this district have concluded that General Order 56 does not impose a stay on the filing of a responsive pleading. See Moralez v. Whole Foods Market, Inc., 897 F.Supp.2d 987, 993, n.2 (N.D. Cal. 2012) (holding that the cited language "plainly refers to discovery issues, and does not bar a defendant from moving to dismiss on res judicata grounds); Che v. San Jose/Evergreen Community College District Foundation, et al., No. 17-381 BLF (N.D. May 26, 2017) (finding the stay imposed by General Order 56 does not clearly encompass the filing of an answer or motion in

CASE NO.: 5:17-CV-01391-EJD
ORDER GRANTING MOTION TO DISMISS ADA CLAIM FOR LACK OF SUBJECT MATTER JURISDICTION; DISMISSING REMAINING STATE LAW CLAIM PURSUANT TO 28 U.S.C. §1367

3

response to a complaint). This Court also finds that General Order 56 does not preclude Defendants from bringing the instant motion to dismiss for lack of subject matter jurisdiction.

Turning to the merits of the motion, the undisputed evidence shows that Defendants have corrected the sole alleged access barrier alleged in the complaint. The ADA claim is therefore moot and dismissed for lack of subject matter jurisdiction.

## V. CONLCUSION

For the reasons set forth above, Plaintiff's ADA claim is dismissed. Pursuant to 28 U.S.C. §1367(c) (3), the Court declines to exercise supplemental jurisdiction over the remaining Unruh Act claim and dismisses the claim without prejudice.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February 28, 2018

_____
EDWARD J. DAVILA
United States District Judge

CASE NO.: 5:17-CV-01391-EJD
ORDER GRANTING MOTION TO DISMISS ADA CLAIM FOR LACK OF SUBJECT MATTER JURISDICTION; DISMISSING REMAINING STATE LAW CLAIM PURSUANT TO 28 U.S.C. §1367
4